Filed 11/20/20  Namdy Consulting v. UnitedHealthcare etc. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| NAMDY CONSULTING, INC., | B301865 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. BC685324 |
| v. | |
| UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge. Affirmed.

Gerald P. Peters and Alan Nesbit for Plaintiff and Appellant.

Reed Smith, Amir Shlesinger and Kasey J. Curtis, for Defendant and Respondent.

# INTRODUCTION

Plaintiff and appellant Namdy Consulting, Inc. appeals from a judgment entered after the trial court sustained defendant and respondent UnitedHealthcare Insurance Company's unopposed demurrer to its first amended complaint. The complaint asserted nine causes of action seeking to recover payments allegedly due for orthopedic services rendered by Namdy-associated physicians to UnitedHealthcare policyholders. In sustaining the demurrer, the trial court found Namdy failed to allege it had standing to bring its claims, or that it was entitled to the payments sought under California law.

On appeal, Namdy contends the trial court erred by sustaining the demurrer and refusing to grant leave to amend. We conclude that, by failing to raise them before the trial court, Namdy forfeited its contentions challenging the trial court's order sustaining the demurrer. We further conclude Namdy has not demonstrated the trial court abused its discretion by declining leave to amend. Accordingly, we affirm.

# FACTS AND PROCEDURAL BACKGROUND

"In considering whether [a] demurrer should have been sustained, we treat the demurrer as an admission by defendant[] of all material facts properly pled in plaintiff['s] first amended complaint—but not logical inferences, contentions, or conclusions of fact or law. [Citation.]" (*Winn v. Pioneer Medical Group, Inc.* (2016) 63 Cal.4th 148, 152.)

Namdy alleges it is "a professional group of orthopedists and health care providers who were fully licensed, certificated, and in good standing under the laws of the State of California." Physicians "associated with N[amdy]" do not have any "preferred

2

provider contracts or other . . . written contracts with [UnitedHealthcare] setting their rates of pay for services rendered[.]" They are therefore considered "out-of-network providers or non-participating providers" for UnitedHealthcare insurance policyholders. Nevertheless, these physicians have provided medical treatment and services to patients insured by UnitedHealthcare.

Namdy also alleges that before those services were rendered, its representatives contacted UnitedHealthcare "to verify that each patient was insured, covered, or otherwise had rights of indemnification and insurance through [UnitedHealthcare]" and to "obtain prior authorization, pre-certification and consent" to perform the requested services. In response, UnitedHealthcare representatives allegedly informed Namdy the patients at issue were covered under their respective insurance policies for the requested services; Namdy was authorized to provide the services; and Namdy would be paid for the services performed "at usual, customary and reasonable rates[.]" Despite these representations, UnitedHealthcare allegedly has "refused to pay usual, customary and reasonable rates for the services rendered by N[amdy.]"

Based on these allegations, Namdy's operative complaint asserts nine causes of action against UnitedHealthcare: (1) recovery of payment for services rendered; (2) recovery of payment on an open book account; (3) quantum meruit; (4) breach of implied-in-fact contract; (5) declaratory relief; (6) breach of oral contract; (7) estoppel; (8) violations of Health and Safety Code section 1371.8, Insurance Code section 796.04, and California Code of Regulations, title 28, section 1300.71; and (9) breach of contract.

UnitedHealthcare demurred to the first amended complaint on the grounds that: (1) Namdy lacked standing to pursue claims arising from the non-party physicians' performance of services; (2) the complaint failed for lack of certainty; and (3) Namdy failed to state sufficient facts to constitute a cause of action. Namdy did not oppose the demurrer. Instead, without first obtaining leave of court, Namdy filed a second amended complaint.

At the hearing on the demurrer, Namdy did not assert the demurrer should not be sustained. Rather, Namdy first contended it was entitled to file a second amended complaint as a matter of right. After the trial court rejected that argument, Namdy requested leave to amend, arguing its second amended complaint "cure[d] a number of the defects" present in the first amended complaint and "could be amended further . . . to [cure] the remainder of [the] defects[.]"

In response to Namdy's request, the trial court asked Namdy for an offer of proof regarding how it could further amend the complaint. Namdy stated it could plead additional facts illustrating its third-party beneficiary status under a written agreement between its physicians and Integrated Health Plan, which formed the basis of its breach of contract claim. Namdy also contended it could plead more facts showing entitlement to relief on a promissory estoppel claim.

Following the hearing, the trial court struck Namdy's second amended complaint, reasoning "the right to amend a complaint once without seeking leave to amend has been held to be limited to the original complaint." Thereafter, the trial court sustained the demurrer without leave to amend. In support of its ruling, the trial court found "[t]he complaint does not allege that [Namdy] has standing," as "[t]he claims belong to its members

and no assignment of the claims is alleged." The trial court further found Namdy failed to plead facts demonstrating entitlement to the payments alleged. Specifically, relying on *Orthopedic Specialists of Southern California v. Public Employees' Retirement System* (2014) 228 Cal.App.4th 644 (*Orthopedic Specialists*) and *Pacific Bay Recovery, Inc. v. California Physicians' Services, Inc.* (2017) 12 Cal.App.5th 200 (*Pacific Bay*), which were discussed at length in UnitedHealthcare's memorandum in support of its demurrer, the trial court found: (1) "[t]he issue of payment for nonemergency services provided by out-of-network providers appears to be governed by the contract between the insured and the insurer" but "[t]hose contracts are not pleaded"; and (2) "[v]erifying coverage and that payment will be made is not sufficient to support a cause of action for payment of a specific amount of money."

The trial court entered a judgment of dismissal in favor of UnitedHealthcare. Namdy appealed.

## DISCUSSION

### I. Namdy forfeited its contentions challenging the trial court's order sustaining the demurrer.

Namdy contends the trial court erred by sustaining the demurrer to its first amended complaint. In support of this position, Namdy advances several arguments defending the complaint's sufficiency, apparently in direct response to the contentions raised in the demurrer. Specifically, Namdy argues: (1) it was not required to allege the physicians who performed the services for which payment is due had assigned their claims to Namdy; (2) Health and Safety Code section 1371.8 and Insurance

5

Code section 796.04 authorize a private right of action; (3) the first amended complaint is not uncertain; and (4) it pled sufficient facts to state a claim on its causes of action for recovery on open book account, quantum meruit, declaratory relief, breach of oral contract, estoppel, and breach of contract. None of these arguments, however, were raised before the trial court.

"As a general rule, a party is precluded from urging on appeal any point not raised in the trial court. [Citation.]" (*In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412.) "'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.) "Any other rule would ""permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not."' [Citations.]' [Citation.]" (*In re Riva M.*, *supra*, 235 Cal.App.3d at p. 412.)

Of course, "application of the forfeiture rule is not automatic," and appellate courts have the discretion to consider some issues raised for the first time on appeal. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Nevertheless, "the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.]" (*Ibid.*) Indeed, "[a]ppellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have the opportunity to consider. [Citation.]" (*JRS Products, Inc. v. Matsushita Electric*

6

*Corp. of America* (2004) 115 Cal.App.4th 168, 178 (*JRS Products*).)

For the reasons discussed below, we conclude application of the forfeiture rule is appropriate in this case.

UnitedHealthcare originally filed its demurrer to Namdy's first amended complaint in June 2018. In December 2018, however, before the demurrer was heard, the case was removed to federal court. In March 2019, about a month after the parties stipulated to remand the case, UnitedHealthcare re-filed the exact same demurrer and set it for hearing in August 2019.

As noted above, Namdy did not file any opposition to the demurrer. Instead, Namdy filed a second amended complaint without first seeking leave of court. Subsequently, at the hearing on the demurrer, the trial court informed Namdy it was not entitled to file a second amended complaint as a matter of right and afforded Namdy an additional opportunity to be heard. At that point, Namdy did not contend the demurrer should not be sustained or otherwise defend the sufficiency of the first amended complaint. Nor did Namdy request a continuance to file written opposition to the demurrer. Rather, Namdy essentially conceded its first amended complaint was deficient as pled and requested leave to amend.

In sum, the record reflects Namdy was aware of the demurrer and the arguments in support of it for well over a year before the demurrer was heard. Nevertheless, it did not advance *any* arguments whatsoever in opposition to the demurrer during the trial court proceedings, despite having ample time and opportunity to do so. Moreover, Namdy has not shown this case presents any "important legal issue[s]" warranting a "rare[]" departure from the forfeiture rule. (*In re S.B.*, *supra*, 32 Cal.4th

at p. 1293.) Consequently, by raising a number of arguments contesting the demurrer for the first time on appeal, Namdy unjustifiably asks us to "reverse a judgment on grounds that [UnitedHealthcare] did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.]" (*JRS Products, supra*, 115 Cal.App.4th at p. 178.) This we will not do.

In addition, we note the arguments in Namdy's opening brief do not address the primary ground on which the demurrer was sustained. Specifically, the brief does not discuss the trial court's reliance on *Orthopedic Specialists*, *supra,* 228 Cal.App.4th 644, and *Pacific Bay*, *supra*, 12 Cal.App.5th 200, to find Namdy's allegations did not establish entitlement to the payments sought. Rather, Namdy's reply brief on appeal is the first and only instance in this *entire* litigation when Namdy argues those opinions are distinguishable from this case and do not apply.[1] It

---

[1] At oral argument, Namdy argued that although its opening brief did not reference *Pacific Bay* or *Orthopedic Specialists*, it effectively rebutted UnitedHealthcare's contention that it was not entitled to the payments sought under those cases on pages 23 through 30 of the brief. We disagree. In the cited portions of its opening brief, Namdy argues: (1) a private right of action exists under Health and Safety Code section 1371.8 and Insurance Code section 796.04; (2) the demurrer improperly relied on information outside the complaint to challenge Namdy's statutory claims; (3) the documents pertaining to Namdy's other lawsuits against UnitedHealthcare filed in federal court, which UnitedHealthcare had asked the trial court to take judicial notice of in connection with its demurrer, are irrelevant to this case; and (4) the Knox-Kneene Act does not bar Namdy's common law claims. None of these points, however, addresses the purported inapplicability of *Pacific Bay* or *Orthopedic Specialists*. By contrast, in its reply

is well-settled, however, that "'[p]oints raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) Given that Namdy undoubtedly could have raised this argument before the trial court and in its opening brief on appeal, we decline to consider it.

Accordingly, we conclude Namdy's arguments challenging the trial court's order sustaining the demurrer have been forfeited. We therefore need not resolve them on the merits.

## II. Namdy has not shown the trial court abused its discretion by denying leave to amend.

"'When a demurrer is sustained without leave to amend, the reviewing court must determine whether there is a reasonable possibility that the complaint could have been amended to cure the defect . . . .' [Citation.] The abuse of discretion standard governs our review of that question. [Citation.]" (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458.) "The burden of showing that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff; neither the trial court nor this court will rewrite a complaint. [Citation.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 (*Rakestraw*).)

"To satisfy that burden on appeal, a plaintiff must 'show in what manner he [or she] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading.' [Citation.] The assertion of an abstract right to amend does not

brief, Namdy expressly attempts to distinguish those cases from this case.

9

satisfy this burden. [Citation.]" (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43.) "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]" (*Id*. at p. 44.)

As noted above, Namdy contends the trial court abused its discretion by refusing to grant leave to amend. In support of this position, Namdy does not ask us to consider its second amended complaint to determine whether the first amended complaint can be amended to state a valid cause of action.[2] Instead, Namdy asserts "[t]here are no 'unfixable' defects in Namdy's claims, as alleged." In so arguing, however, Namdy does not identify with specificity the additional allegations and/or causes of action it would plead if given leave to amend.[3] Namdy has therefore failed

---

[2] Indeed, on appeal, Namdy appears to abandon its second amended complaint altogether, as its opening brief instead defends the viability of several claims asserted in the first amended complaint but omitted from the second amended complaint.

[3] In its reply brief, Namdy argues it should have been given leave to amend because it "could have clarified the terms of any oral agreement with [UnitedHealthcare] regarding payment," "clarified statements made by [UnitedHealthcare] which gave rise to an estoppel," and "alleged additional facts regarding the contract with Integrated Health Plan." Even if we found it appropriate to consider these contentions, which were not presented in Namdy's opening brief, we would nevertheless conclude they are insufficient to satisfy Namdy's burden, as a party must offer allegations that are "factual and specific, not vague or conclusionary" to show entitlement to leave to amend.

to satisfy its burden of establishing the trial court abused its discretion by denying leave to amend. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 44.)

## DISPOSITION

The judgment is affirmed. UnitedHealthcare shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

---

(*Rakestraw*, *supra*, 81 Cal.App.4th at p. 44.) All Namdy did was assert it could clarify its claims without doing so or proffering additional facts.